Hemphill, Ch. J.
This suit was for the trial of the rig-lit of property in two slaves, which bad been levied upon under an execution in favor of tiie defendant, Samuel Gainer, against Littleberry Camp. An issue having been formed oil tiie claim of tiie plaintiff in error, Mosel3r, to said slaves, and the motion of the said Mosely to dismiss, on various grounds, his own suit, having-been overruled, tiie jury, oil submission of the cause, found that tiie property was subject to the execution.
There are various assignments of error, to some of which we will briefly allude; and first, the plaintiff in error attempts to sustain his motion to dismiss tiie suit on various objections relative to the proceedings of the sheriff in returning- the oath, bond, aud copy of the execution. The alleged errors of the sheriff were cured by the amendment of his original return, and whether-they had been or not, they formed no ground for tiie dismissal of the suit c. *290 the part of the-plaintiff, unless he [579] had, previously to making the motion, voluntarily restored the slaves to t lie possession of the sheriff', from whose custody they had been taken at the instance of the plaintiff in error, and on a claim to property in them, the prosecution of which he was now attempting- to dismiss.
Nor was there any error in refusing- the admission of testimony to prove that Camp, at the time of the levy, owned personal property and uncultivated lands which were first subject to execution. The question at issue was whether Mosely, the claimant, had any such right in the property as exempted (hem from execution in discharge of the debts of Camp; not whether any other person had a better right to the property than Camp, or whether Camp’s rights wore violated by the proceedings of the sheriff. Such matters were totally foreign, altogether irrelevant to'the issue, and evidence of these was properly refused.
In the petition for the writ of error it assigned that the judgment is excessive in allowing ten per cent, on the aggregate amount of the debt and costs of the judgment,' instead of assessing it on the debt’alone. There was subsequently a formal assignment of errors, in which this was not included, nor has it been noticed in tl\o brief of the plaintiff in error. Tiffs ground may, therefore, be considered as abandoned, and as the writ of error was manifestly taken for delay, it is orderd that the judgment be affirmed with ten per cent, damages.
Affirmed with damages.